IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jamal Rufus Rivers, #284504, | ) C/A No.: 2:14-672-DCN-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Judge R.M. Dennis; Solicitor M. Henderson; Criminal Counsel Steve C. Davis; Criminal PCR Counsel Walter S. Ameika; Victim James Ancrum, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Jamal Rufus Rivers ("Plaintiff"), is a state prisoner in the Kirkland Correctional Institution of the South Carolina Department of Corrections ("SCDC") in Columbia, South Carolina. Plaintiff files this action against Defendants, pursuant to 42 U.S.C. § 1983,[1] seeking injunctive relief and monetary damages, complaining that he "was misled by [his] attor[ne]ys, solicitor and guilty plea judge [on] 5/28/2002." Complaint, ECF No. 1, p. 2. Plaintiff is proceeding pro se and in forma pauperis, pursuant to 28 U.S.C. §§ 1915 and 1915A. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court.

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process, because it fails to state a plausible claim on which relief may be granted by this Court.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that "Judge R. M. Dennis set my bail wrongly on May 20th 2002 and didn't give me a chance to bail out to strengthen my defense, he sentenced me to the wrong incident, location of crimes, the wrong amount of number of victims and refused to correct it." Complaint, ECF No. 1, p. 3. Plaintiff alleges that "Solicitor M. Henderson didn't object" Id., and that Steven Christopher Davis, "[Plaintiff's] criminal guilty plea attorney[,] didn't object or get [Plaintiff] a psychiatric evaluation or told the court [Plaintiff] was a mental health patient neither object to the way [Plaintiff's] bail was set." Id. Plaintiff alleges that Walter S. Ameika, "[Plaintiff's] PCR attorney didn't object to how [Plaintiff] was sentenced like this, how [Plaintiff's] bail was set like this nor how [Plaintiff] was given a psychiatric evaluation." Id. Finally, Plaintiff alleges that James Ancrum, the 'victim from this case never object when [Plaintiff] was being sentenced wrongly to the case that involved him." Id. Plaintiff seeks "[r]elease . . . from incarceration from these cases permanently, [and] expunge[ment of Plaintiff's] record[.]" Complaint, ECF No. 1, p. 5. Plaintiff also asks that this Court "afford [Plaintiff's] family and [Plaintiff] the right to wear bulletproof vests, to have bulletproof vehicles, to have bulletproof homes, to have bulletproof visas, to carry firearms and to be given . . . 70 billion dollars." Id.

3

## DISCUSSION

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Further, since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. V. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337 (1895). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Generally, a case can be originally filed in a federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332, and "[t]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). Additionally, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure; Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); and if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id. Such is the case here.

4

First, there is clearly no basis for a finding of diversity jurisdiction in this case. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 554-55 (2005); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16. Here, this Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because Plaintiff is a citizen and resident of South Carolina and the Defendants are also citizens and residents of South Carolina.

Second, it is also clear that the essential allegations contained in Plaintiff's Complaint do not state a claim cognizable under this Court's federal question jurisdiction.

With respect to Defendant Judge R. M. Dennis, a judicial officer in the performance of his or her duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12 (1991). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Judicial immunity is not pierced by allegations of corruption or bad faith. Bradley v. Fisher, 80 U.S. 335, 347 (1872) ("Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed"); Pierson v. Ray, 386 U.S. 547, 554 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"); Burns v. Reed, 500 U.S. 478 (1991)

5

(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct). Absolute judicial immunity "is an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

There are two circumstances where a judge's immunity from civil liability may be overcome. The exceptions are narrow in scope and infrequently applied. The first exception is where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. Id.; see Figueroa v. Blackburn, 208 F.3d 435, 440 (3rd Cir. 2000). The second exception involves actions that, though judicial in nature, are taken in the complete absence of jurisdiction. Mireles, 502 U.S. at 12. Generally, "'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" Barnes v. Winchell, 105 F.3d 1111, 1122 (6th Cir. 1997). There is, of course, a difference between an act in excess of jurisdiction and one in the absence of jurisdiction. The United States Supreme Court, in Stump, provided an example:

> If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump, 435 U.S. at 357 n.7. The facts alleged in Plaintiff's Complaint show that the alleged wrongful acts of Judge Dennis were judicial acts performed in a judicial capacity. The acts were taken within the scope of Judge Dennis' judicial duties, in a case within the jurisdiction of his court. Neither exception to the doctrine of absolute judicial immunity is

applicable in the instant case.  Thus, Judge Dennis has absolute judicial immunity from Plaintiff's claims.

With respect to Defendant Solicitor M. Henderson, a prosecutor has absolute immunity from damages liability under § 1983 for prosecutorial activities which were intimately associated with the judicial phase of the criminal process.[2]  The facts alleged in Plaintiff's Complaint show that the alleged wrongful acts of Solicitor Henderson were performed as part of the judicial phase of Plaintiff's criminal cases.  Thus, the Complaint is barred by Defendant Henderson's absolute prosecutorial immunity.[3] While prosecutorial immunity does not protect prosecutors from suits for injunctive and/or declaratory relief (see Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 736-37 (1980)), the injunctive relief sought here is not available to Plaintiff in a civil rights action.  See Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir.1995) (applying Preiser v. Rodriquez, 411 U.S. 475 (1973)); Story v. Kopko, No. 3:09-2893-PMD, 2010 U. S. Dist. LEXIS 10316 (D.S.C. Feb. 5, 2010).  To issue an order for Plaintiff's release from custody this Court would, in essence, be required to overturn Plaintiff's convictions and vacate his sentences.  This is something which cannot be done in a § 1983 case.  Instead, Plaintiff must file a habeas petition against the warden of the correctional institution in which he is being held, pursuant to 28 U.S.C. §2254, to seek such relief.  Although § 1983 does

---

[2] See Van de Kamp v. Goldstein, 129 S. Ct. 855 (2009); Kalina v. Fletcher, 522 U.S. 118 (1997); Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Imbler v. Pachtman,424 U.S. 416 (1976); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000); and Carter v. Burch, 34 F.3d 257 (4th Cir. 1994).

[3] Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

7

provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, according to the United States Supreme Court "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck v. Humphrey, 512 U.S. 477, 481 (1997) ("[r]elease from prison is not a remedy available under 42 U.S.C. § 1983.") (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)).  It is settled law that, under the type of circumstance present in this case, claims seeking "a quantum change in the level of custody," including "freedom subject to the limited reporting and financial constraints of bond or parole or probation," are properly considered in habeas corpus.  Wilkinson v. Dotson, 544 U.S. 74, 82, 86 (2005).

With respect to Defendants Davis and Ameika, Plaintiff's former attorneys, as noted above, to state a cause of action under § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).  Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Defendants Davis and Ameika are private attorneys, not state actors, and their actions in representing Plaintiff during his criminal case and his post-conviction relief case in state court do not constitute state action or action under color of state law.  It is well settled that

"[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" Id. at 319 n.9 (quoting In re Griffiths, 413 U.S. 717, 729 (1973)). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."); see also Lugar, 457 U.S. at 936 ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

With respect to Defendant Ancrum, the victim of one of Plaintiff's crimes, and an apparent witness in Plaintiff's criminal case, because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish, as noted above, that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937; see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991). Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual

or entity is "a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Many factors may be considered in determining whether state action is present, Mentavlos v. Anderson, 249 F.3d 301, 311-12 (4th Cir. 2001), no single factor is determinative, and the "totality of the circumstances" must be evaluated. Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 343 (4th Cir. 2000).

There is no allegation here to suggest that Defendant Ancrums' actions were anything other than purely private conduct. Moreover, it is well settled in this circuit that a person who testifies in any judicial proceeding relating to a plaintiff's conviction has absolute immunity in an action for damages brought under § 1983. See Briscoe v. LaHue, 460 U.S. 325, 327-46 (1983) (declining to carve out an exception to the general rule of witness immunity for alleged perjury by police officer witnesses in criminal proceeding); Burke v. Miller, 580 F.2d 108, 109 (4th Cir. 1978) (noting that witness who takes stand at instance of prosecution is absolutely immune from liability for § 983 damages), cert. denied, 440 U.S. 930 (1979). A rule of absolute witness immunity has been adopted by the majority of circuits. See Charles v. Wade, 665 F.2d 661 (5th Cir. 1982) (police officer witness; § 1983 suit); Myers v. Bull, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); Blevins v. Ford, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment); Brawer v. Horowitz, 535 F.2d 830, 836- 37 (3d Cir. 1976) (lay witness in federal court; Bivens action).

In short, considering the totality of the circumstances and assuming the truth of all of the allegations in Plaintiff's Complaint, the Complaint fails to allege any facts that could be liberally construed to show that Defendants Davis, Ameika, and Ancrum are state

actors, or that these Defendants jointly participated with any state actors to violate Plaintiff's constitutional rights. Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), as to these three Defendants, Plaintiff's Complaint fails to state a claim on which relief can be granted by this Court, because the Complaint fails to allege that these Defendants acted "under color of state law," within the meaning of § 1983, to injure Plaintiff.[4]

There is an additional basis on which to recommend that Plaintiff's Complaint be summarily dismissed. The Complaint clearly appears on its face to be untimely. Based on Owens v. Okure, 488 U.S. 235 (1989) and Wilson v. Garcia, 471 U.S. 261 (1985), a state's general or residual statute of limitations governing personal injury actions is the applicable statute of limitations for § 1983 actions. In South Carolina, that has been held to be S.C. Code Ann. § 15-3-530(5). Thus, the applicable statute of limitations for the instant Complaint is three years.[5] It plainly appears from Plaintiff's Complaint that the actions upon which Plaintiff is basing this lawsuit took place in May 2002 (his bail hearing and his sentencing) and November 2004 (his PCR hearing). Complaint, ECF No. 1, p. 3. However, Plaintiff's Complaint was not filed until March 4, 2014, many years beyond the

---

[4] To the extent that Plaintiff may also be attempting to set forth a cause of action against Defendants Davis and Ameika based in state law, this Court does not have jurisdiction to hear it. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corr. V. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claim, if any, against his former attorneys. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

[5] "Except as to actions initiated under Section 15-3-545 [medical malpractice actions], all actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. § 15-3-535.

three-year statute of limitations, thus raising on its face the obvious affirmative defense of its untimeliness.[6]

## RECOMMENDATION

Based on the forgoing, it is recommended that the Court dismiss the Complaint in the above captioned case, without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

April 10, 2014                                  s/Bruce Howe Hendricks
Charleston, South Carolina           United States Magistrate Judge

---

[6] Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. See, e.g., United States v. Ward, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and American National Bank v. Federal Deposit Insurance Corporation, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. See also Rogers v. Isom, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), citing Todd v. Baskerville, and Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.") (citation omitted).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).